**Richard E. HARLEY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 12625.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 28, 1982.

Robert R. Parrish, Asst. Public Defender, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Following an evidentiary hearing on and denial of his Rule 27.26, V.A.M.R., motion, Richard E. Harley, alias Stephen Allen Young, appealed. In this court movant's two points relied on are that the trial court was clearly erroneous in denying movant's 27.26 motion because movant was deprived of effective assistance of counsel in that counsel for movant (1) refused to allow movant to testify in movant's own behalf at trial and thereby deprived the jury from hearing evidence from which the jury could have found defendant not guilty and (2) failed to move for and obtain the suppression of an involuntary statement of movant's which was introduced at trial and was incriminating and thereby provided evidence by which the jury could have found the defendant guilty that would have otherwise not been before the jury.

On July 9, 1973, movant robbed a Joplin supermarket and took a young female employee hostage ostensibly to insure a safe getaway. With the hostage driving movant's car at gunpoint, the vehicle was stopped a short distance from the supermarket by police alerted to the incident. Shortly thereafter movant fatally shot the hostage in the head with a .22 caliber revolver. Movant was found guilty by a Jasper County jury of first-degree felony murder then defined by § 559.010 RSMo 1969 to include "every homicide which shall be committed in the perpetration or attempt to perpetrate any ... robbery ...." His punishment was assessed at imprisonment for life (§ 559.030 RSMo 1969) and, upon appeal, the judgment was affirmed in *State v. Harley,* 543 S.W.2d 288 (Mo.App.1976).

In a Rule 27.26 proceeding the movant has "the burden of establishing his grounds

for relief by a preponderance of the evidence" [Rule 27.26(f)] and upon appeal "[a]ppellate review shall be limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j).

Movant's first point relied on is written in utter disregard of the mandate of Rule 84.04(d), V.A.M.R., because it does not undertake to declare "wherein and why" movant's unspecified testimony would have permitted the jury in the felony murder trial to have found him not guilty. Nevertheless, from reading movant's 27.26 testimony and his brief herein he is contending that had he been permitted by counsel to have appeared as a witness in the criminal trial, his testimony could have absolved him of the crime charged because he would have stated that after his car, driven by his female hostage at gunpoint, was halted by the police, the police opened fire upon movant's vehicle and that he unintentionally, through reflex action, fired the gun which caused the fatal wound to the hostage. The principle ignored by movant in his first point is that although such testimony had been adduced at the criminal trial, it would have afforded no succor to the defense. The law is that although the homicide be unintentional, yet if it be committed in the perpetration or attempted perpetration of any felony enumerated in § 559.010 RSMo 1969, the homicide will be first degree felony murder under the statute. *State v. Moore,* 580 S.W.2d 747, 751–752 (Mo. banc 1979); *State v. Chambers,* 524 S.W.2d 826, 832 (Mo. banc 1975). Or as better stated in *Harley,* supra, "The insuperable difficulty with defendant's argument, however, is that the evidence shows the killing was committed during the perpetration of one of the felonies enumerated in § 559.010, and therefore defendant's intent is wholly immaterial." 543 S.W.2d at 295[12]. Movant's first point is denied because counsel should not be held ineffective for failing to advance a nonmeritorious defense. *Wolfe v. State,* 613 S.W.2d 892, 894[3] (Mo.App.1981).

Just as his first point relied on, movant's second point is penned contrary to the requirements of Rule 84.04(d). "Wherein and why" the movant's statement, whatever that be, was involuntary, incriminating and provided evidence of guilt that otherwise would not have been present at trial is left wholly to guess and conjecture. However, from reading the Rule 27.26 transcript the statement to which movant refers is one taken from him by the police following the robbery and homicide and after movant had been taken to a hospital to undergo certain testings. The glaring deficiency in movant's present claim that the statement was involuntary may be readily observed from movant's cross-examination testimony at the Rule 27.26 hearing: "Q. Well, you agree that the statement was freely and voluntarily given, correct? A. Yes, it was." Counsel cannot be held to be ineffective in failing to file a motion to suppress a statement of defendant when the facts, as admitted by movant, demonstrate such a motion would have been without merit. *Robinson v. State,* 454 S.W.2d 930, 932[4] (Mo.1970). Of course, if defendants were permitted to successfully object to evidence and testimony on the grounds that it was incriminating and provided evidence of guilt, there would be few, if any, cases where the state could harbor any hope of sustaining a conviction. Movant's second point is denied.

Judgment affirmed.

FLANIGAN, P.J., and GREENE and PREWITT, JJ., concur.