**Robert Nathaniel OLDS, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 44284.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 19, 1983.

Allen I. Harris, St. Louis, for movant.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant appeals from the trial court's denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted in a jury trial of murder in the first degree,

statutory rape, attempted rape, and two counts of kidnapping. In *State v. Olds,* 603 S.W.2d 501 (Mo. banc 1980), the supreme court affirmed movant's convictions except for one count of kidnapping, which the court held to be the underlying felony of the murder in the first degree conviction, thus constituting double jeopardy.

 Movant first contends that his trial counsel was ineffective because he failed to investigate or call to the stand two potential alibi witnesses. Our review of the record shows that movant's counsel investigated the two witnesses and discovered that neither of them were supportive of movant's alibi. The decision not to call the potentially damaging witnesses was a matter of trial strategy for movant's counsel, and the manner in which trial strategy is applied does not provide an adequate basis for an attack on the effectiveness of one's counsel. *Phillips v. State,* 639 S.W.2d 270, 273–274 (Mo.App.1982). Thus, movant's point is without merit.

 Movant next alleges that his original counsel was ineffective by failing to brief on appeal the suggestiveness of the identification lineup. At the evidentiary hearing, movant's counsel stated that he thought the identification issue was not a strong one. Movant's pretrial motion to suppress the identification at his original trial was denied. At his evidentiary hearing for post-conviction relief, the trial court found that the testimony of the eyewitnesses was devastating because of its clarity and detail and found that movant's counsel was not ineffective for failing to raise the identification issue on appeal. Counsel for a defendant is not ineffective for failing to advance a nonmeritorious defense on appeal. *See Harley v. State,* 641 S.W.2d 880, 882 (Mo.App.1982). Movant's point is denied.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.