Brian Keith RADFORD, Movant,

v.

STATE of Missouri, Respondent.

No. 44833.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 15, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 28, 1983.

Application to Transfer Denied
Feb. 15, 1984.

Joshua Jan Cates, Clayton, for movant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Movant was convicted in a jury trial of robbery in the first degree and assault with intent to ravish with malice. He was sentenced to concurrent terms of imprisonment for fifteen years on each count. The convictions were affirmed on direct appeal in *State v. Radford,* 559 S.W.2d 751 (Mo.App. 1977). Movant then brought a Rule 27.26 motion alleging ineffective assistance of counsel. After an evidentiary hearing, the trial court denied the motion. We affirm.

Movant first contends that trial counsel was ineffective because he failed to have potential alibi witnesses testify on movant's behalf. Our review of the record shows that movant's counsel investigated the potential witnesses and determined that they would not have substantiated a defense of alibi. The decision not to call the witnesses was a matter of trial strategy. The manner in which trial strategy is implemented does not provide an adequate basis for an attack on the effectiveness of one's counsel. *Olds v. State,* 655 S.W.2d 818, 819 (Mo.App.1983), citing *Phillips v. State,* 639 S.W.2d 270, 273–274 (Mo.App.1982). Thus, movant's point is without merit.

■ Movant next contends that he was denied effective assistance of counsel because trial counsel did not interview the victim of the crime prior to trial. Although trial counsel did not interview or depose the victim prior to trial, he did review the police reports and examine her in a hearing on a pre-trial motion. Counsel testified that the victim had given inconsistent statements as to the identification of movant, and that his strategy was to cross-examine her on those inconsistencies rather than take her deposition. Counsel's failure to depose or interview the witness was, therefore, a matter of trial strategy, not mere oversight or negligence. *See Langston v. State,* 615 S.W.2d 501, 502 (Mo.App.1981). Movant's contention is denied.

■ Movant finally alleges that he was "denied his right to testify in his own behalf as a result of the conduct of defense counsel." There is nothing in the record to indicate that trial counsel prevented movant from testifying. At the evidentiary hearing on the Rule 27.26 motion, counsel testified that he recommended that movant not testify but left the ultimate decision up to him. The reasons for advising movant not to testify were movant's prior convictions, his background of assaultive behavior, and the fact that he was a very poor witness. "It is settled that defense counsel's attempt to dissuade his client from testifying, without more, does not fall to a level that may be characterized as incompetency violative of defendant's constitutionally protected rights." *State v. Turner,* 623 S.W.2d 4, 12 (Mo. banc 1981). Movant's final point is denied.

We hold that the findings, conclusions and judgment of the trial court are not clearly erroneous and therefore affirm the judgment. Rule 27.26(j).

KAROHL, P.J., and REINHARD, J., concur.