Helen A. MARTIN, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 50017.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 6, 1986.

Motion for Rehearing and/or Transfer Denied June 10, 1986.

Application to Transfer Denied
July 15, 1986.

Paul J. Passanante, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Movant was convicted by a jury of capital murder pursuant to § 565.001, RSMo 1978, and sentenced to life imprisonment without parole for fifty years. The conviction was affirmed on appeal. *State v. Martin*, 666 S.W.2d 895 (Mo.App.1984). Thereafter, movant sought to have her conviction and sentence vacated under Rule 27.26. After an evidentiary hearing on movant's Rule 27.26 motion, the trial court denied relief. Movant appeals from the denial of her motion for post-conviction relief. Affirmed.

A full statement of the facts is given in the opinion on direct appeal. *State v. Martin, supra.* In brief, movant was convicted of capital murder, § 565.001, RSMo 1978, by a jury in connection with the contract murder of her husband, Ronald Martin. The evidence showed that the defendant caused her husband's death by hiring Robert H. Bratcher to kill him. The jury found defendant guilty of capital murder for the death of her husband, Ronald Martin.

On appeal, movant raises three points of error each based upon the assertion that she received ineffective assistance of counsel at her trial for the contract murder of her husband. Movant claims ineffective assistance of counsel because (1) counsel failed to present evidence of diminished mental capacity; (2) counsel pursued the defenses of self-defense and withdrawal; and (3) counsel failed to investigate the existence of diminished mental capacity or discuss the defense with defendant. The underlying legal theory is the same for each of defendant's points and only one need be addressed.

The issue of ineffective assistance of counsel, due to movant's trial attorneys' election to attempt to defend the charge on theories of self-defense and withdrawal instead of pursuing the defense of diminished mental capacity, was first raised by the testimony of several witnesses during the evidentiary hearing on movant's Rule 27.26 motion. Movant presented the testimony of several witnesses, including two doctors who testified that, in their opinion, defendant had diminished mental capacity at the time of the alleged murder. In addition, movant's primary trial attorneys, Mr. Clinton Almond, and his associate, Mr. Edward Williams, were called as witnesses.

After hearing the evidence, the trial court made the following findings of fact and conclusions of law regarding defendant's claim of ineffective assistance of counsel by reason of their failure to adequately prepare and put forth the defense of diminished mental capacity. The trial court found that trial counsels' decisions were part of the trial strategy. Specifically, the trial court found:

> ... that the evidence of deliberation and premeditation on the part of the Petitioner in the killing of Ron Martin was very strong, if not overwhelming. Petitioner's trial counsel had the duty and obligation to assert Petitioner's defense based on their professional judgment in light of this evidence. Additionally, Petitioner advised her counsel that she did not want a defense based on mental defect, nor was she interested in a defense that would merely mitigate the offense. She wanted a defense that could lead to full acquittal. Petitioner also told counsel that she had attempted to stop Robert Bratcher from killing the deceased. She admits capacity to contract. Claims capacity to attempt to stop the killing and abandon her purpose, and yet claims diminished capacity. Trial counsel was going to have to convince twelve jurors.

> \*   \*   \*   \*   \*   \*

Petitioner's trial counsel was not ineffective for failing to introduce evidence of diminished capacity. As stated, trial counsels' testimony indicated they felt it would be inconsistent with the facts and would not have a favorable effect on the jury. It seems to this court that the assertion that Petitioner did not have the capacity to plan the crime, but did have the capacity to attempt to stop it could be seen as wanting, if not inconsistent. This is especially true in light of the prosecution's strong evidence on the issue, as well as the issue of motive in regard to [victim's] insurance policies.

Movant contends that the trial court erred in finding that she received effective assistance of counsel.

To establish ineffective assistance of counsel, movant must demonstrate that her attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that as a result, she was prejudiced. *Love v. State*, 670 S.W.2d 499, 501 (Mo. banc 1984); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Rule 27.26(f), movant has the burden of establishing that there is a reasonable probability that, but for counsels' unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Smith v. State*, 674 S.W.2d 638, 640 (Mo.App. 1984).

Movant contends that trial counsel failed to investigate the existence of diminished mental capacity as a potential defense.

Trial counsel has a duty to make reasonable investigations or to make a reasonable decision that a particular investigation is unnecessary. When ineffective assistance of counsel is raised, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel and judgment. *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066.

The reasonableness of the trial counsel's decision not to investigate depends upon

the strategic choices of information provided by the defendant. When counsel knows generally the facts that support a potential defense, the need to investigate may be considerably diminished or eliminated all together. Further, when a defendant has provided counsel with information which leads counsel to believe that pursuing a particular investigation would be fruitless or even harmful, the decision not to investigate may not be later challenged as unreasonable. *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. at 2066.

Movant's trial attorneys discussed the defense of mental disease or defect with her, which she rejected. Movant wanted to be acquitted and not to be found guilty of a lesser included offense because a conviction would preclude her from receiving $925,000 as a beneficiary of insurance policies held on her husband's life, which included double indemnity. Movant did not want to be committed to a mental institution.

Movant's trial counsel discussed movant's mental condition with two psychiatrists to develop a battered woman's syndrome defense. Trial counsel concluded, after review of the psychiatrists' findings, that there was insufficient information which would have supported the submission of mental disease. Therefore, trial counsel concluded that diminished mental capacity was a defense that could not be sold to a jury.

■ It was not ineffective assistance of counsel to assert the defense of the battered woman's syndrome as opposed to the defense of diminished mental capacity. Counsel was aware of the facts that would support a mental disease defense and concluded that such facts were not present in this case. Counsel had a good faith basis upon which to assert the defense of the battered woman's syndrome. Selection of one defense over another is not a valid reason for finding ineffective assistance of counsel. *Smith v. State, supra,* at 640–641.

■ Movant contends that trial counsel provided ineffective assistance of counsel by pursuing the defense of self-defense and withdrawal. The trial court ruled that the defense of diminished mental capacity was unavailable, at which time, counsel decided to defend on a theory of withdrawal. Counsel was aware that defendant must give timely warning to law enforcement officers or otherwise make reasonable efforts to prevent the commission of the offense in order to assert the defense of withdrawal. MAI–CR2d 2.16. Counsel believed that a jury could find that movant had made such reasonable efforts to prevent the offense. Thus, there was at least some possibility of acquittal. The jury's failure to acquit does not affect the reasonableness of using an all-or-nothing strategy. *Love v. State, supra,* at 502. Withdrawal was consistent with movant's testimony and the facts developed at trial and was the best defense to present to the jury since it had the greatest chance of success.

■ In addition, counsel's failure to present medical testimony at court about diminished mental capacity was not prejudicial. The evidence revealed that movant had deliberated and premeditated the crime and had contacted a representative of an insurance company to pay the premiums on the victim's life insurance policy. A reasonably competent attorney would be led to believe that this would decrease the credibility of a diminished mental capacity defense. We do not find that movant met her burden of establishing by a preponderance of the evidence that attorneys Almond and Williams had failed to exercise the skill and diligence of a reasonably competent attorney under similar circumstances.

■ Notwithstanding our finding that counsel's representation was well within prevailing professional norms, we fail to perceive any prejudice to movant as a result of counsel's trial strategy. *Strickland v. Washington,* 466 U.S. at 693, 104 S.Ct. at 2067; *Seales v. State,* 580 S.W.2d 733, 735–737 (Mo. banc 1979); *Love v. State,* 670 S.W.2d at 501. Even if counsel had known that the psychiatrists would have

testified as to movant's diminished mental capacity, counsel would not have presented the defense since movant did not want a defense that would result in conviction for a lesser included offense. The decision not to raise the defense of diminished mental capacity was thus a matter of trial strategy. The manner in which trial strategy is implemented does not provide an adequate basis for an attack on trial counsel. *Radford v. State*, 663 S.W.2d 309 (Mo.App. 1983). Movant has not met her burden of showing prejudice to her as a result of counsel's representation. *Strickland v. Washington*, 466 U.S. at 693, 104 S.Ct. at 2067; *Seales v. State*, 580 S.W.2d at 735–737; *Love v. State*, 670 S.W.2d at 501.

We conclude that movant was not denied effective assistance of counsel.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.