**Richard E. HARLEY,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15336.**

Missouri Court of Appeals,
Southern District,
Division Two.

April 11, 1988.

---

Tim Wynes, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant was convicted of first-degree felony murder and sentenced to life imprisonment. His appeal following conviction was affirmed in *State v. Harley*, 543 S.W.2d 288 (Mo.App.1976). He filed a motion under Rule 27.26 (repealed effective January 1, 1988), seeking to vacate that conviction. The trial court denied that motion and was affirmed on appeal. *Harley v. State*, 641 S.W.2d 880 (Mo.App.1982).

On August 19, 1986, movant initiated this proceeding, also under Rule 27.26, to vacate the conviction. This appeal continues to be governed by that rule as the sentence was pronounced and this motion was pending prior to January 1, 1988. Rule 29.-15(m).

After counsel was appointed for movant and movant's motion amended, the trial court sustained respondent's motion to dismiss. No evidentiary hearing was held. Movant contends in his point on appeal that the trial court erred because movant:

> pleaded a factual allegation which, if proved, would have warranted relief and is not refuted by the record, that is, there existed evidence known to the prosecution but not disclosed to defense counsel at the time of the preparation for trial that the victim's death came as a result of actions by the police and not by those of appellant, and the record does not demonstrate that his claim was adjudicated against appellant in his previous motion to vacate under Rule 27.26.

There are at least two reasons why the trial court properly dismissed movant's motion. He pleaded no facts which would entitle him to relief and failed to allege any reason why his present contention was not raised in his previous Rule 27.26 motion. Movant alleged:

> There is evidence known to the prosecution and not disclosed to the defense that the victim's death came as a result of actions of the police and not of the defendant. Since this evidence was not disclosed to the defense, it could not be and was not presented in his defense, to defendant's prejudice.

A motion under Rule 27.26 is properly dismissed without an evidentiary hearing if movant fails to plead facts, not conclusions, which if true would entitle him to relief. *Sinclair v. State*, 708 S.W.2d 333, 336 (Mo. App.1986); *Page v. State*, 632 S.W.2d 293, 295 (Mo.App.1982).

■ There are no facts alleged as to what these actions of the police were or

**182**

how they resulted in the victim's death. Such conclusions do not entitle a movant to an evidentiary hearing. Nor was any reason alleged why these actions were not set forth as a ground for relief in movant's first motion under Rule 27.26.

■ To present contentions in a second motion under Rule 27.26, the movant must allege a reason or reasons which, if established by proof, would authorize a finding that the movant could not have previously presented that ground or grounds. *Miller v. State*, 704 S.W.2d 719, 720 (Mo.App. 1986); *Newman v. State*, 703 S.W.2d 71, 72 (Mo.App.1985).

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.