**Jerry DAVIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53756.

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Nov. 29, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Jerry Davis, appeals from the motion court's denial of his Rule 27.26 motion after an evidentiary hearing. Davis was convicted of one count of second degree burglary, in violation of RSMo § 569.170 (1986). He was sentenced as a persistent offender to ten years imprisonment. The conviction was affirmed on direct appeal. *State v. Davis*, 698 S.W.2d 600 (Mo.App., E.D.1985). Davis now alleges that he received ineffective assistance of counsel in that his attorney did not interview a witness to the offense and failed to call that witness at trial. Finding Davis' contention to be without merit, we affirm.

At the outset, this court recognizes the standard of review to be applied to a motion court's ruling on a Rule 27.26 motion. The appellate court is limited to a determination of whether the motion court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, this court is left with the definite and firm impression that the motion court is mistaken. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Stokes v. State*, 688 S.W.2d 19, 21 (Mo. App., E.D.1985).

In order to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his attorney's performance was deficient; that the attorney's performance fell below the standard of reasonable effectiveness. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In evaluating counsel's performance, the court takes cognizance of the wide latitude which is to be accorded counsel in making tactical decisions. *Potter v. State*, 742 S.W.2d 231, 232 (Mo.App., E.D.1987). As well, a strong presumption exists that counsel made all significant decisions in the exercise of his reasonable professional judgment. *Williams v. State*, 730 S.W.2d 284, 287 (Mo.App., E.D.1987). Strategic choices made after a thorough investigation of the law and the facts which are relevant to plausible options are virtually unchallengeable. *Id.* In addition to showing that counsel's performance was deficient, a movant must convince the court that such deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. That is, a movant must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Stokes*, 688 S.W.2d at 23.

Davis maintains that he received ineffective assistance of counsel because his attorney did not interview a potential witness, Karen Trentham, or call her as a witness at trial. In investigating a potential witness, an attorney must exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. *Abrams v. State*, 698 S.W.2d 15, 18 (Mo.App., E.D. 1985). Rarely will a court find that the failure to interview a witness is sufficient to justify a finding of ineffective assistance of counsel. *Sanders*, 738 S.W.2d at 858. For, the "attorney handling a trial is in, a

better position than anyone else to know how a witness' testimony may help or hinder his client." *Stokes*, 688 S.W.2d at 24.

 In the present case, Karen Trentham was one of two persons who witnessed the offense for which Davis was convicted. At the hearing on Davis' Rule 27.26 motion, his trial counsel testified that she attempted on several occasions to contact Trentham by telephone. She stated that she left messages with Trentham's parents insisting that they have their daughter return the phone calls; Trentham was a juvenile at the time of the incident. However, trial counsel was never able to speak with Trentham. Trial counsel further testified that neither Davis nor his friends or family were able to inform counsel as to what Trentham would say if she were to be called to testify. Therefore, Davis' attorney explained that, as she had not had the opportunity to speak with Trentham and was concerned that Trentham would reinforce the State's case, she decided not to subpoena Trentham to testify. Trial counsel opined that she believed she had a good chance for acquittal using the testimony of Davis' four alibi witnesses, and that the possibility of acquittal was greater if there was only one identification witness, as opposed to two such witnesses.

Counsel's investigation of Trentham was well within the customary skill and diligence that a reasonably competent attorney would perform under the circumstances, as counsel attempted on numerous occasions to interview Trentham. In addition, the decision not to call Trentham as a witness was reasonable; trial counsel knew that Trentham was a witness to the offense and counsel had absolutely no indication that Trentham's testimony would do anything except bolster the testimony of the State's key witness, who was the other eyewitness to the offense. The law is clear that if defense counsel believes that the testimony of a witness will not unqualifiedly support his client's position, it is a matter of trial strategy not to call him to the stand, and the failure to call such a witness does not constitute ineffective assistance of counsel. *State v. Turner*, 623 S.W.2d 4, 12

(Mo.1981); *Walker v. State*, 715 S.W.2d 261, 262 (Mo.App., E.D.1986).

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.