**James FYNN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54274.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 15, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 14, 1988.

Application to Transfer Denied
Feb. 14, 1989.

---

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Movant, James Fynn, challenges the denial of his motion to vacate, set aside, and correct sentence and judgment under Supreme Court Rule 27.26, following a jury trial and conviction for stealing a motor vehicle, under Section 570.030, RSMo 1978, and sentenced to ten years imprisonment. This court affirmed the conviction on direct appeal in *State v. Fynn*, 683 S.W.2d 664 (Mo.App.1985).

In December 1986, movant filed an original *pro se* Rule 27.26 motion. Movant alleged that he was denied effective assistance of counsel because his trial counsel failed to depose a state's witness and failed to obtain all relevant evidence. In August 1987 an evidentiary hearing was held and movant's Rule 27.26 motion subsequently denied.

In his first point, movant alleges that counsel was ineffective for failing to depose one of the state's witnesses. The witness was Thomas Wanko the Security guard who discovered movant and two others committing the robbery. Our review of a denial of post conviction relief is limited to a determination of whether the findings, conclusions and judgment of the motion court were clearly erroneous. Rule 27.-26(j); *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984). The decision of the motion court will not be set aside unless a careful review of the record leaves the appellate court with a definite and firm impression that a mistake has been made. *Warren v. State*, 740 S.W.2d 251 (Mo.App. 1987).

In order to prevail on an ineffective assistance of counsel claim, movant must demonstrate (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Traditionally, the manner in which trial strategy is implemented does not provide an adequate basis for an ineffective assistance of counsel claim. *Radford v. State*, 663 S.W. 2d 309 (Mo.App.1983). In the present case it is clear that counsel tactically chose not to depose the witness. Counsel had already obtained the police report of the crime and had reviewed the transcript of

the witness' testimony at a prior trial of one of movant's codefendants. Counsel stated that he felt there was nothing to gain by deposing the witness. Counsel's failure to depose the witness was, therefore a matter of trial strategy not ineffective assistance of counsel. *Id.* at 310.

Movant also contends that counsel was ineffective for not introducing evidence indicating appellant's fingerprints were not on the stolen vehicle. This point also hinges on counsel's choice of trial strategy. Movant had insisted upon presenting a defense that he had helped move the vehicle because he believed a codefendant had a legal right to the vehicle. Counsel ultimately decided to present this defense on movant's behalf and determined that a fingerprint report indicating that movant's fingerprints were not on the vehicle would be inconsistent with this defense because movant conceded he had touched the vehicle. This was a clear matter of trial strategy. Movant has failed to prove counsel acted unreasonably and this point is denied. *Henderson v. State,* 734 S.W.2d 254 (Mo.App.1987). This is not lessened by the fact that the evidence became relevant when movant's codefendant changed his testimony and testified that movant had not touched the vehicle. This testimony occurred shortly after the two had been placed in the same holding cell while awaiting trial. It is clear that the testimony not only surprised counsel but was in direct conflict with what movant had previously told counsel. At this stage of trial, counsel was unable to change his defense theory to conform with this unanticipated testimony. Counsel will not be labeled ineffective when unknown to counsel a witness decides to change his testimony on the stand. *Armbruster v. State,* 686 S.W.2d 519 (Mo.App.1985).

The judgment of the motion court is affirmed.

CARL R. GAERTNER, J., and SIMEONE, Senior Judge, concur.