Gary GIESELMAN, Movant,

v.

STATE of Missouri, Respondent.

No. 54399.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 29, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 4, 1989.

Application to Transfer Denied
Feb. 14, 1989.

Susan L. Hogan, Columbia, for movant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Movant, Gary Gieselman, was convicted, after a jury trial, for the sale of a controlled substance. He was sentenced to a term of imprisonment for fifteen years. That conviction was affirmed on direct appeal. *State v. Gieselman,* 726 S.W.2d 759 (Mo.App.1987). Movant then brought this Rule 27.26 [1] motion alleging ineffective assistance of counsel. Movant appeals from the denial of that motion after an evidentiary hearing. We affirm.

On appeal, movant claims the motion court was clearly erroneous in denying his claim of ineffective assistance of counsel. In his first point, he argues trial counsel was ineffective for failing to adequately investigate his alibi defense.

To prevail on a claim of ineffective assistance of counsel, a movant must show: (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that movant was thereby prejudiced. *Robinson v. State,* 760 S.W.2d 516, 517 (Mo.App.1988); *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984).

Here, movant claims that his trial counsel should have made a more complete investigation of his alibi defense. Movant informed his trial counsel that he was in court signing up for traffic school from 3:00 p.m. to 5:00 p.m. on August 13, 1984, the day he allegedly sold the controlled substance. Movant's trial counsel, after reviewing court records, discovered that movant made a court appearance on August 13, 1984 but was unable to determine the reason for the court appearance. There was no indication in the records that the purpose of the trial appearance was for signing up for traffic school. Movant insisted, however, that his alibi was correct and told trial counsel that the court records were wrong. Trial counsel, relying on movant's statements, proceeded to trial intent on presenting movant's alibi defense. At trial the State introduced court records into evidence showing that movant did not sign up for traffic school until September 4, 1984. Movant now contends that his trial counsel should have spotted the defect in his alibi defense through more thorough investigation.

■ Trial counsel has a duty to make a reasonable investigation or to make an informed decision that an investigation is unnecessary. *Martin v. State,* 712 S.W.2d 14, 16 (Mo.App.1986). Movant's trial counsel did investigate evidence for the presentation of movant's alibi defense. Trial counsel informed movant of the status of her investigation—she could not determine if movant had signed up for traffic school on August 13, 1984. Movant's real complaint is that trial counsel failed to discover all the evidence that tended to impeach his alibi defense. We hold that it is not unwarranted for trial counsel to rely upon a client's statements, particularly after trial counsel has made a reasonable investigation. *See Martin v. State,* 712 S.W.2d at 17.

---

1. Rule 27.26 was repealed, effective January 1, 1988. However, this appeal is governed by Rule 27.26 because the sentence was pronounced prior to January 1, 1988, and movant's Rule 27.26 motion was then pending. *See* Rule 29.15(m), effective January 1, 1988.

Further, movant was not prejudiced by trial counsel's failure to discover that movant did not sign up for traffic school on August 13, 1984. Movant's alibi defense does not hinge upon the date or time that he signed up for traffic school. His alibi was that he was in court signing up for traffic school until 5:00 p.m., he got home at 5:30 p.m., his girlfriend came over around 5:50 p.m., and they then rented movies which they watched all evening. The State contended the drug sale took place around 6:00 p.m. The important time frame, therefore, centered around 6:00 p.m., not 3:00 p.m. to 5:00 p.m. Movant has therefore not met his burden of showing a reasonable probability that, absent the alleged error, he would not have been convicted. *Richardson v. State,* 719 S.W.2d 912, 915–916 (Mo.App.1986). Movant's first point is denied.

In his second point on appeal, movant claims trial counsel was ineffective because trial counsel failed to call movant's girlfriend to testify in support of his alibi. The State argues that trial counsel made a strategic decision not to present alibi testimony of movant's girlfriend after the State had proved that movant did not sign up for driving school on August 13, 1984. The question of which witnesses to call is a matter of professional judgment and is not an adequate ground for an ineffective assistance of counsel claim. *Smith v. State,* 736 S.W.2d 516, 517 (Mo.App.1987). Movant's second point is denied.

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.