**Larry Dale WOOTEN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55939.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 5, 1989.

**454**

William P. Grant, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Larry Wooten, appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. Movant was convicted by a jury of three counts of incest for which he was sentenced to three consecutive five year terms of imprisonment. This court affirmed the convictions on direct appeal. *State v. Wooten*, 735 S.W.2d 30 (Mo.App., E.D.1987). In his Rule 27.26 motion movant alleged ineffective assistance of counsel resulting from counsel's alleged failure to notify the State of a proposed alibi witness resulting in the exclusion of movant's alibi witness. On appeal, movant argues that the motion court's findings and conclusions were clearly erroneous. We affirm.

Initially, we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); Rule 27.26(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). In order to prove ineffective assistance of counsel, movant must not only show that trial counsel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Bradford v. State*, 735 S.W.2d 118, 120 (Mo.App., E.D.1987). We next evaluate movant's claim in light of these principles.

Movant was convicted of having sexual intercourse with two of his daughters, ages seventeen and eighteen at the time movant committed the acts of incest. Movant made an oral confession to a sheriff's officer and a family services caseworker. At trial movant attempted to testify that he was not home on the dates that he was accused of having sexual intercourse with his daughters in the family home. The trial court excluded movant's evidence as to alibi because movant failed to disclose his intention to rely on the defense of alibi. Rule 25.05(A)(5). In his Rule 27.26 motion movant asserted that counsel was ineffective for failing to disclose the intent to rely

on alibi resulting in the exclusion of movant's alibi defense.

Movant's trial counsel subsequently died and was thus unavailable to testify at movant's evidentiary hearing. The transcript of the trial reveals, however, that counsel intended to primarily rely on a general denial. Trial counsel further stated on the record that movant failed to inform him of the alibi until several days before trial. Movant testified at trial that he had informed trial counsel of the alibi well in advance of trial. Several other witnesses testified at the evidentiary hearing supporting movant's proposed alibis.

The motion court determines the credibility of the witnesses and may reject the testimony of the movant or any other witnesses. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986). In its conclusions of law the motion court clearly indicates that it rejected the testimony of movant and his witnesses. Further, the record supports the trial court's conclusion that it was the fault of movant, not trial counsel, that timely disclosure of the alibi was not made. For trial counsel stated at trial that he only became aware of the alibi shortly before trial. It is clear from the record that counsel intended to primarily rely on a general denial and was not at fault for untimely disclosure of an alibi of which he became aware of shortly before trial.

Finding movant's argument to be without merit, we affirm.

SIMEONE, Senior Judge, and CRIST, J., concur.