**Joseph David ROUSAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55902.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1989.

Application to Transfer Denied
Nov. 14, 1989.

Lew A. Kollias, John Klosterman, Columbia, Mo., for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Joseph David Rousan, appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. Movant was convicted by a jury of stealing over $150.00 and assault third degree for which he was sentenced as a persistent offender to ten years imprisonment. This court affirmed the convictions on direct appeal. *State v. Rousan,* 752 S.W.2d 388 (Mo.App., E.D. 1988). In his amended Rule 29.15 motion, movant alleged ineffective assistance of counsel resulting from counsel's stipulating to the value of the stolen merchandise thus admitting as true an essential element of the charges against movant. On appeal, movant argues that the motion court's findings and conclusions were clearly erroneous.

■ Initially, we note the standard of review employed in evaluating movant's claim of error. Our determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Day v. State,* 770 S.W.2d 692, 700 (Mo. banc 1989); Rule 29.15(j). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Day,* at 700. A strong presumption exists that counsel made all significant decisions in the exercise of his reasonable professional judgment. *Davis v. State,* 761 S.W.2d 636, 637 (Mo.App., E.D.1988). Strategic choices made after a thorough investigation of the law and facts which are relevant to plausible options are virtually unchallengeable. *Id.* In order to prove ineffective assistance of counsel, movant must not only show that trial counsel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the outcome of the trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). We next evaluate movant's claim in light of these principles.

■ Movant was convicted of stealing seven polo shirts from Dillard's Department Store valued, retail, at over one-hundred fifty dollars ($150.00). On appeal, movant asserts that he received ineffective assistance because his defense counsel stip-

ulated to the value of the stolen merchandise admitting an element of the charges. The movant further alleges that, consequently, he was prejudiced because the jury was not allowed to determine whether the movant committed a felony or a misdemeanor.[1]

Since the movant was on trial for his third offense for stealing, was on federal parole, and was convicted of stealing on two prior occasions, the value of the shirts was irrelevant.[2] At the evidentiary hearing, movant's trial counsel testified that the value of the shirts was irrelevant to his theory of defense in light of movant's insistence of his innocence throughout the proceeding. We affirm the motion court and conclude that counsel's choice of defense was clearly a matter of trial strategy.

"Traditionally, the manner in which trial strategy is implemented does not provide an adequate basis for an ineffective assistance of counsel claim." *Fynn v. State*, 763 S.W.2d 210, 211 (Mo.App., E.D.1988). If defense counsel believes that stipulating to a fact will not prejudice his client's defense or is not vital to his case in chief, then it is a matter of trial strategy. In the instant case, it is clear that defense counsel tactically chose to stipulate to the value of the shirts and not challenge the State's case on the issue of value of the goods. Decisions of trial strategy will not serve as a foundation for an ineffective assistance of counsel claim. *Sanders*, 738 S.W.2d at 860.

Movant has failed to prove that his trial defense counsel acted unreasonably. The record clearly indicates that counsel made a reasonable strategic decision given the circumstances before him. Further, movant failed to show how the alleged inadequate and ineffective assistance of counsel affected the outcome of his trial.

Finding movant's argument to be without merit, the denial of his Rule 29.15 motion is affirmed.

SIMEONE, Senior Judge, and CRIST, J., concur.

---

1. In pertinent part RSMo § 570.030.3 (1986) states:
   "Stealing is a class C felony if: (1) the value of the property or services appropriated is one hundred fifty dollars or more...."

2. According to RSMo § 570.040 (1986), "every person who has been previously convicted of stealing two times, and who is subsequently convicted of stealing is guilty of a Class C felony and shall be punished accordingly." This is true, but only if charged and proven. See Note on Use 7 to MAI–CR3d 324.02.1; see also MACH 24.02.