Anthony **CURRY**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 56110.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 5, 1989.

---

James Michael Hardcastle, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Movant, Anthony Curry, appeals the denial of his Rule 29.15 motion after an evidentiary hearing. Movant was convicted of forcible rape and sodomy of a seven year old girl and was sentenced to consecutive ninety-nine (99) year prison terms on each conviction. This court affirmed his conviction on appeal. *State v. Curry*, 714 S.W.2d 798 (Mo.App., E.D.1986). In this appeal, movant claims that the motion court erred in finding that his trial counsel was not ineffective. We affirm.

In reviewing claims for post conviction relief, this court's determination is limited to whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Sanders of State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Wooten v. State*, 776 S.W.2d 453, 454 (Mo.App., E.D.1989). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Wooten*, 776 S.W.2d at 454. In order to prove ineffective assistance of counsel, movant must not only show that trial counsel's performance failed to rise to the level of reasonable professional standards, but also that the alleged ineffective assistance affected the outcome of the trial. *Id.*

Movant first claims that his trial counsel was ineffective in failing to call him as a witness at the hearing on his motion to suppress his confession. The transcript of movant's evidentiary hearing reveals contradicting testimony as to his desire to testify against his counsel's advice. It is for the motion court to decide the credibility of a witness and it may reject testimony even if no contrary evidence is offered. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App., E.D.1986).

At movant's evidentiary hearing, movant's counsel testified that she did not "re-

call him [movant] wanting to testify" and that the movant was "very passive and basically when we discussed things that would happen, he would accept or he went along with anything that I did." The motion court's decision to believe her testimony was not clearly erroneous.

■ Movant next claims ineffectiveness in his counsel's failure to call Mark Dunlop to testify to impeach one of the State's witnesses. At the trial, the State had called Jonah Johnson to testify that movant confessed to him while in the holding cell. Dunlop's testimony would have been that, while he was in the holding cell with movant, he did not hear him make a confession.

The motion court found that movant's counsel did file a writ and bring Dunlop to testify but decided not to use Dunlop because of his prior convictions. In addition, movant's counsel felt that her cross examination of Johnson had been very effective and wanted to end on a strong note rather than putting on other prisoners who would be impeached by the State.

Traditionally, the manner in which trial strategy is implemented does not provide an adequate basis for claims of ineffective assistance of counsel. *Fynn v. State,* 763 S.W.2d 210, 211 (Mo.App., E.D.1988). In addition, a strong presumption exists that counsel made all significant decisions in the exercise of her reasonable professional judgment. *Davis v. State,* 761 S.W.2d 636, 637 (Mo.App., E.D.1988). The motion court found, and the transcript reveals, that movant's trial counsel made a reasonable strategic decision. Such strategic decisions are virtually unchallengeable. *Robinson v. State,* 752 S.W.2d 351, 353 (Mo.App., E.D. 1988). Point denied.

Affirmed.

REINHARD and CRIST, JJ., concur.