STATE of Missouri, Respondent,

v.

Michael D. POTTER, Appellant.

No. 49883.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 20, 1986.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
June 19, 1986.

Robert Stephen Adler, Private Atty., St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Defendant, Michael Potter, appeals his jury conviction of selling a controlled substance, marijuana. The trial court sentenced the defendant as a prior offender to fifteen years imprisonment.

The defendant contends that the trial court committed error by (1) denying his motion for a new trial because defendant's pretrial counsel had a conflict of interest, thereby prejudicing defendant in his defense at trial; (2) denying his motion for a new trial because on voir dire, a juror failed to disclose that he knew the key defense witness and that his knowledge of said witness was not favorable; (3) overruling his motion for acquittal at the end of all the evidence because the state presented insufficient evidence to support defendant's conviction; and (4) giving instruction No. 7 which incorrectly stated the law and the facts as adduced at trial by the state's evidence. Judgment affirmed.

The relevant facts are as follows: Martin Limpert, a deputy sheriff, and Dennis Boone, a police informant, went to a home in St. Charles County for the purpose of buying marijuana. After being admitted to the home, the deputy sheriff asked defendant if he had a bag of marijuana to sell. Defendant responded in the affirmative and went to a back room to get it. Defendant returned with the bag of marijuana. The deputy sheriff and Boone examined the bag and discussed the price. The deputy sheriff attempted to purchase the bag for fifty dollars; however, defendant insisted on selling it for sixty dollars. The defendant told the officer to pay the money to

Robert Potter, defendant's brother, which he did. The deputy sheriff paid the sixty dollars to Robert Potter and then left.

Defendant called his brother, Robert Potter, and three friends as witnesses. They essentially testified that Robert Potter completed the transaction without defendant's help.

■ Defendant's first point is that the trial court erred in denying his motion for a new trial because he was denied effective assistance of counsel in that his attorney at the pre-trial stage represented both defendant and his brother, Robert Potter, who was a co-defendant. He argues that a conflict of interest resulted from such joint representation when Robert Potter plead guilty to the sale of marijuana on a charge of acting in concert with another which prejudiced defendant during the trial. A contention of ineffective assistance of counsel ordinarily is not reviewable on direct appeal from a judgment of conviction. *State v. Linhart*, 649 S.W.2d 530, 532 (Mo. App.1983). A claim of ineffective assistance of counsel is best handled under Rule 27.26 rather than on direct appeal where the record is not sufficiently developed to permit adequate review. *State v. Lupo*, 676 S.W.2d 30, 34 (Mo.App.1984).

■ Joint representation is not per se violative of the Sixth Amendment guarantee of effective assistance of counsel unless it gives rise to a conflict of interest. *Holloway v. Arkansas*, 435 U.S. 475, 482, 98 S.Ct. 1173, 1177, 55 L.Ed.2d 426 (1978). In order to establish a violation of the Sixth Amendment, a defendant must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). There are many gaps in the record as to a conflict of interest resulting from joint representation of the defendant and his brother. The record on appeal does not reveal sufficient facts to make a meaningful review possible and therefore defendant's point is denied.

■ In his second point, defendant contends that the trial court erred by failing to grant a new trial because a juror concealed information during voir dire. To grant a new trial on the basis of a juror's concealment of a fact or a juror's failure to respond to a voir dire question is left to the discretion of the trial court. *State v. McGinnis*, 622 S.W.2d 416, 421 (Mo.App. 1981). In his motion for new trial, defendant alleged that juror Donald Dickherber, who became the foreman of the jury, failed to disclose on voir dire that he knew defense witness Dennis Boone; that juror Dickherber operated a tavern and had kicked Boone out of his tavern for disorderly conduct.

■ The defendant has the burden of proving his allegations on a motion for a new trial. *State v. Drake*, 514 S.W.2d 653, 656 (Mo.App.1974). In order to prove intentional concealment by a juror the defendant must, at a minimum, allege intentional concealment in his motion for new trial and file an affidavit from the juror setting forth the facts surrounding the alleged concealment which reveals prejudice to the defendant. *State v. Salkil*, 649 S.W.2d 509, 516 (Mo.App.1983). In this case, defendant fails to meet his burden of proof. Juror Dickherber was the only witness at defendant's hearing on the motion for a new trial. He had stated during voir dire that he knew no one named Dennis Boone. Juror Dickherber on the motion for a new trial testified that Dennis Boone approached him in the hallway of the court after he was examined on voir dire and asked him if he recognized him and juror Dickherber stated that he did not recognize him. Boone then stated, "you have dated my mother." Juror Dickherber testified he may have dated a woman named Nora or Norma but had no recollection of dating Boone's mother. None of this testimony was contradicted at the hearing on the motion for a new trial. The trial court is in a better position than we to judge the credibility of a witness at a hearing on a motion for new trial. *State v. Coleman*, 460 S.W.2d 719, 724 (Mo. banc 1970). The trial court could have concluded that juror Dickherber was a credible witness. We find no evidence of intentional concealment by juror Dickherber. Point denied.

■ Defendant's third point is that the evidence is insufficient to support the conviction. Accordingly, "we recast the evidence and all favorable inferences reasonably arising therefrom in the light most favorable to the verdict. Conversely, we are required to reject and ignore all contrary evidence and inferences." *State v. Willis*, 662 S.W.2d 252, 253 (Mo. banc 1984). Here the evidence showed that the defendant answered in the affirmative when asked if he had a bag of marijuana to sell and returned with a bag of marijuana. The defendant then haggled over the price and told the deputy sheriff to pay his brother $60.00 for the marijuana which he did. This is sufficient evidence to support the conviction.

Defendant argues that four defense eyewitnesses testified that defendant was not involved with the sale. It is for the jury to resolve any contradictions. *State v. Overkamp*, 646 S.W.2d 733, 737 (Mo.1983). The jury is not required to believe defendant's witnesses. *State v. Neal*, 610 S.W.2d 358, 360 (Mo.App.1980). Point denied.

■ In his last point, defendant contends that the court erred in giving instruction No. 7 because it incorrectly stated the law and facts adduced at trial confusing the jury and improperly emphasizing the actions of defendant's co-defendant, Robert Potter. However, defendant failed to properly preserve this point for appellate review. At the instructional conference, defendant made only a general objection to this instruction stating "it does not accurately state—the law tends to put too much emphasis on the non-participant Robert Potter here who is not before the court. I think that's all I have to say on that."

Then, in paragraph 10 of his motion for new trial, defendant's attorney again makes a general objection to this instruction stating, "that said instruction tends to confuse the jury by drawing unnecessary attention to the actions of Defendant's brother, Robert Potter, thereby prejudicing Defendant." This is essentially the same language used by appellant in *State v. Gadberry*, 638 S.W.2d 312, 313 (Mo.App.

1982) wherein this court held the appellant failed to preserve his point for appellate review.

Rule 29.11(d) requires that any specific objections to the giving of instructions which were not made at trial before submission to the jury must be set forth in the motion for new trial to preserve the error for review. Again, Rule 28.03 states that specific objections to given or refused instructions and verdict forms shall be required in motions for new trial unless made on the record at the time of trial.

The conclusionary statements made by defendant at the instructional conference and in the motion for a new trial lack the specificity mandated by Rule 28.03 and 29.-11(d) and thus fails to preserve for review the alleged instructional error. *State v. Ward*, 518 S.W.2d 333, 334 (Mo.App.1975).

■ However, we have examined the contention under plain error. To find plain error from a submission, the instruction must so misdirect or fail to direct the jury as to cause manifest injustice. *State v. Saffold*, 639 S.W.2d 243, 248 (Mo.App. 1982). We fail to find plain error. Point denied.

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.