**Michael Dale POTTER,
Plaintiff–Appellant,**

v.

**STATE of Missouri,
Defendant–Respondent.**

No. 52936.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 15, 1987.

Nancy McKerrow, Asst. Public Defender, Columbia, for plaintiff-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PUDLOWSKI, Judge.

Movant was convicted in the Circuit Court, St. Charles County of selling a controlled substance. This was his second offense and he was sentenced to fifteen years imprisonment. The court of appeals affirmed his conviction on direct appeal. A detailed discussion of the facts appear in *State v. Potter*, 711 S.W.2d 539 (Mo.App. 1986). Movant subsequently filed a Rule 27.26 motion and an evidentiary hearing

was held on the motion. The hearing court issued "Findings of Fact and Conclusions of Law" denying movant's petition for relief.

On appeal movant contends that the hearing court erred by (1) failing to find pretrial counsel ineffective during the pretrial and plea negotiation stages of his case due to an alleged conflict of interest created when the attorney assumed representation of both appellant and his codefendant; and (2) failing to find defense counsel ineffective for failing to properly preserve an objection to an instruction given to the jury. We affirm.

Our review in this case is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). The trial court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App.1985).

Since both of movant's points allege ineffective assistance of counsel, the guidelines enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) and *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979) must govern our decision. In order for a convicted defendant to succeed on a claim of ineffective assistance of counsel entitling him to a reversal he must show that counsel's performance fell below the standard of reasonable effectiveness. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. In assessing the performance of counsel the courts recognize the wide latitude given to counsel in making tactical decisions and must be highly deferential. Further, the movant must overcome the strong presumption that his attorney's conduct fell within the wide range of reasonableness, and that the actions of the attorney are considered sound trial strategy. *Id.* at 689, 104 S.Ct. at 2065. Second, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Stokes,* 688 S.W.2d at 23.

Shortly after their arrest Michael and Robert Potter retained attorney Ronald Boggs to represent them. Both defendants told Boggs that Robert alone had executed the sale. Boggs then engaged in plea negotiations with the state on behalf of both defendants. Robert agreed but Michael refused to plead guilty to the charges. Informations were filed which charged each of the brothers with "acting in concert with another" in the commission of the offense. While representing both Potters, Boggs entered a plea of guilty on behalf of Robert and a plea of not guilty on behalf of Michael. After representing Robert at the guilty plea, Boggs left Missouri.

Robert, represented at the sentencing by a second attorney, received a suspended imposition of sentence and was placed on probation. Michael retained yet another attorney to represent him at trial. Mindful of the version of events related by the brothers, that attorney discussed with Michael the potential danger of calling Robert as a defense witness. Despite the danger, Robert was called at trial.

Representation of multiple defendants is not a per se violation of constitutional guaranties of effective assistance of counsel. *Holloway v. Arkansas,* 435 U.S. 475, 482, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978). In order to succeed on an ineffective assistance of counsel claim founded on an alleged conflict of interest due to joint representation the movant must show that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980); *Potter,* 711 S.W.2d at 541.

Assuming arguendo that an actual conflict existed, movant fails to show how Boggs' joint representation had an adverse effect on his case. Both defendants had related the same version of events to Boggs, namely, that Michael had no part in the drug sale. Any potential conflict of interest arose from the possibility that once Robert pleaded guilty, he may be called to testify against Michael. This situation presented itself and Robert was called to

testify at trial. However, he was called by the defense and only after full consultation and with the consent of Michael. The testimony given by Robert was not detrimental, but rather supported Michael's defense. Further, on direct examination and on cross-examination, when confronted with the fact that he had pled guilty to "acting in concert with another," Robert explained that he had thought the phrase referred to acting with Boone, a police informer, not Michael. The defendant fails to meet his burden of proof. Point one is denied.

In movant's second point he argues that the trial court erred in failing to find defense counsel ineffective for failing to properly preserve a objection to the verdict directing instruction that was given to the jury. That instruction in pertinent part, predicates conviction on a finding that:

. . . . .

First, that on July 6, 1983, in the County of St. Charles, State of Missouri, the defendant, *Michael D. Potter or Robert Potter*, sold marijuana to Martin Limpert, and

Second, that the defendant was aware of the character of the substance and knew *that he or Robert Potter* sold it, . . . . (Emphasis added).

Appellant argues that because his defense counsel failed to properly preserve the error for review, appellant was held to a higher standard on appeal in that the court only reviewed the issue for plain error. *Potter*, 711 S.W.2d at 542. The hearing court found that the instruction conformed to the requirements of MAI–CR2d and the accompanying Notes on Use. We agree and find no error.

The Notes on Use 6(c) which accompany MAI–CR2d 2.12 state that "[w]here the evidence is not clear or conflicts as to which person (in a group including the defendant) engaged in the conduct constituting the offense . . . ascribe the elements of the offense to the defendant *or* the other person or persons." (Emphasis added). Appellant presented evidence that his brother alone engaged in the criminal conduct. The state presented evidence that appellant or his brother participated in the prohibited conduct. Because the evidence was conflicting, it was appropriate to instruct in the disjunctive. Any deviation in the form of the instruction would have been error. Any objection to the instruction given, even if properly preserved, would have been overruled. Counsel's performance, in this respect, fell well within the bounds of reasonable performance and movant's claim of ineffective assistance of counsel fails under *Strickland*. Based on the foregoing, we affirm the decision of the hearing court.

STEPHAN, P.J., and DOWD, J., concur.