Ronald Dean CLARK,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53914.

Missouri Court of Appeals,
Eastern District,
Division One.

May 17, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 22, 1988.

Application to Transfer Denied
July 26, 1988.

Gingeree E. Williamson, Asst. Public Defender, Clayton, for movant-appellant.

William L. Webster, Atty. Gen., Karen A. King, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted by a jury of rape and sodomy for sexually molesting a thir-teen-year old girl. He was sentenced to consecutive prison terms of thirty years for each offense. We affirmed his conviction on appeal. *State v. Clark,* 711 S.W.2d 885 (Mo.App.1986).

On June 3, 1987, movant filed a pro se Rule 27.26 motion, alleging ineffective assistance of counsel, improper exclusion of blacks from the jury, and improper argument by the prosecutor. Counsel was appointed to represent movant. The state moved to dismiss movant's motion. The motion court issued findings of fact and conclusions of law, denying the motion without holding an evidentiary hearing.

Movant's sole point on appeal is that the court erred in denying his motion because he received ineffective assistance of counsel. He argues his trial counsel was ineffective in failing to request submission of MAI–CR2d 3.56 and in failing to object to submission of MAI–CR2d 3.58 to limit the jury's consideration of evidence of his prior convictions to impeach him.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the

prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

█ Assuming movant's allegations are true, his contention does not state a claim for relief. Rule 28.02(c) states, "Whenever there is an MAI–CR instruction ... applicable under the law to the facts, the MAI–CR instruction ... shall be given or used to the exclusion of any other on the same subject." Because the issue was the impeachment of *movant* by evidence of prior crimes, MAI–CR2d 3.58, "Impeachment of *Defendant* by Conviction of 'Unrelated Crimes' Shown Solely for the Purpose of Impeachment," was the appropriate instruction and MAI–CR2d 3.56, "Impeachment of a Witness *Other Than Defendant* by Prior Offenses," was not (emphasis ours). Counsel cannot be held ineffective for failing to make objections which lack merit. *Shaw v. State*, 686 S.W.2d 513, 516 (Mo.App.1985). Nor is counsel ineffective for failing to request inappropriate instructions. *See Wickman v. State*, 693 S.W.2d 862, 867–69 (Mo.App.1985); *Hindman v. State*, 597 S.W.2d 264, 269 (Mo.App.1980).

The motion court denied movant's contention, finding that claims of instructional error "are treated as trial errors, which are immune from collateral attack." Although the court's basis for denying movant relief on this contention is incorrect, we must affirm the judgment if it is sustainable on other grounds. *Bannister v. State*, 726 S.W.2d 821, 825 (Mo.App.1987).

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.