William Phillip TAYLOR, Appellant,

v.

STATE of Missouri, Respondent.

No. 53729.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 28, 1988.

1. Unless otherwise indicated, all references to statutes are to RSMo 1978, V.A.M.S.

**320**

Lawrence G. Schmidt, Public Defender, Hillsboro, for appellant.

William L. Webster, Atty. Gen., John M. Morris & L. Timothy Wilson Asst. Attys. Gen., Jefferson City, for respondent.

PUDLOWSKI, Chief Judge.

Movant appeals the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury in the Circuit Court of St. Louis County of receiving stolen property, a class C felony in violation of Section 570.080 RSMo 1978.

He was sentenced as a persistent offender to fifteen years imprisonment. His conviction was affirmed on direct appeal in *State v. Taylor*, 691 S.W.2d 379 (Mo.App.1985) which contains a detailed description of the events leading to conviction.

On November 24, 1986 movant filed a pro se motion for relief under Rule 27.26 and counsel was appointed. An evidentiary hearing was held on movant's amended motion on April 3, 1987. On that date the cause was partially heard and continued for additional production of evidence. The hearing resumed on June 12, 1987 in the Circuit Court of St. Louis County before the Honorable Melvyn W. Wiesman. The hearing court issued findings of fact and conclusions of law denying the movant the relief requested and this appeal followed. Movant filed two motions to amend the record on appeal to include evidence of trial counsel's subsequent disbarment. Both motions were denied by this court.

■ Several of movant's points on appeal challenge the finding of the trial court in regarding the effectiveness of trial counsel. In order to establish ineffectiveness of counsel, the movant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The movant must overcome the strong presumption that his attorney's conduct fell within the wide range of reasonableness and that the actions of the attorney are considered sound trial strategy. *Potter v. State*, 742 S.W.2d 231, 232 (Mo.App.1987).

On appeal our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j). The findings of the court are clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ Movant argues in his first point that he was denied effective assistance of counsel in that trial counsel failed to interview and present the exculpatory testimony of three witnesses. Movant avers that the testimony of Richard Turner, Brian Fitterer and the owner of Advanced Instruments in San Antonio, Texas were material to his defense.

Trial counsel was the last of four attorneys from the office of the public defender appointed to represent movant. For nearly one year prior to trial counsel's appointment, the office of the public defender had investigated many of movant's proposed witnesses without success. An investigator for the public defender contacted Robert Turner and found that any information he may have had would not have been helpful to movant's case. Movant stated that Brian Fitterer would have been able to verify movant's Houston address. He gave counsel a phone number which was incorrect and after checking several other leads counsel was unable to verify the address. Trial counsel testified that the state had evidence to refute evidence movant may have presented regarding the validity of his Houston address. One of the attorneys who preceded trial counsel had investigated Advanced Instruments in San Antonio, Texas and had uncovered no helpful information.

The movant has the burden of proving that the witnesses testimony would have provided a viable defense. *Simons v. State*, 719 S.W.2d 479, 480 (Mo.App.1986). Here movant had produced little evidence as to the nature and scope of proposed witness testimony. Further, counsel cannot be faulted for failing to pursue a lead which has proven to be a dead end. Point denied.

■ In point two of his appeal movant claims that the trial court erred in failing to find that the trial court was without jurisdiction to sentence him. Movant argues that he was prosecuted after the applicable period of limitation set out in Section 556.036.2, RSMo 1978 had run and served to bar prosecution. He now argues that trial counsel was ineffective for failing to pursue this argument at the trial level.

The offense with which movant was charged occurred on June 26, 1979. Movant was indicted on October 13, 1982. The offense of receiving stolen property is a Class C felony. Section 556.036.2(1) requires prosecutions for felonies of this type to be brought within three years. However, Section 556.036.6(1) states that the period of limitation does not run "[d]uring any time when the accused is absent from the state...." Movant stated at the evidentiary hearing that he was absent from Missouri from June 29, 1979 to October 4, 1982. The period of limitation was tolled during that time period and accordingly prosecution of movant was not barred by Section 556.036. Had his attorney pursued this argument at the trial level he would have been unsuccessful. Point is denied.

■ In point three of his appeal movant claims that the testimony of his trial counsel elicited at the evidentiary hearing was perjured. Movant charged that his trial counsel was ineffective for failing to confer with him regarding his case. Trial counsel testified and the court found that counsel met with movant at least five times to discuss his case and to develop a trial strategy. Movant testified that he spoke to trial counsel for a total of twenty-five minutes, twenty of which were prior to voir dire.

Assuming arguendo that this claim is cognizable in a Rule 27.26 proceeding, it is without merit. The credibility of witnesses' testimony is a matter for the motion courts determination, and it may reject testimony even though no contrary evidence is offered. *Richardson*, 719 S.W.2d at 915. Clearly, the court chose to believe movant's trial counsel and not movant. Point denied.

■ Movant argues in point four of his appeal that trial counsel denied him the right to testify at his trial. Trial counsel stated at the evidentiary hearing that he discussed the possibility of testifying with movant and cautioned him that if he testified his prior conviction would come before the jury. Trial counsel recommended

against movant testifying and after deliberation, movant decided to follow the advice of counsel. Movant testified that trial counsel refused to allow him to testify and at one point used physical force to prevent movant from taking the stand.

The hearing court found that movant, after full consultation with trial counsel, made his own decision not to testify. Credibility of witnesses is for the motion court's determination. *Id.* Point denied.

The judgment of the hearing court is affirmed.