Fred HAMILTON, Appellant,

v.

STATE of Missouri, Respondent.

No. 54870.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 25, 1989.

Application to Transfer Denied
June 13, 1989.

Beverly A. Beimdiek, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant, Fred Hamilton, appeals from the motion court's denial of his Rule 27.26 motion after an evidentiary hearing. Hamilton was convicted of sodomizing his young son, in violation of RSMo § 566.060 (1986), and attempting to sodomize the son, in violation of RSMo §§ 564.011 & 566.060 (1986). He was sentenced to six years imprisonment. The conviction was affirmed on direct appeal. *State v. Hamilton*, 729 S.W.2d 519 (Mo.App., E.D.1987). Hamilton now alleges that he received ineffective assistance in that defense counsel did not contact and call five potential witnesses; did not depose three witnesses who were called by the State; did not object to certain testimony proffered at trial by the State; and made an improper reference to a prior trial. Finding Hamilton's contention to be without merit, we affirm.

Initially, this court notes the standard of review to be applied to a motion court's ruling on a Rule 27.26 motion. The appellate court is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j). Such findings and conclusions are deemed clearly erroneous only if, upon a review of the entire record, this court is left with the definite and firm impression that the motion court is mistaken. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Stokes v. State*, 688 S.W.2d 19, 21 (Mo.App., E.D.1985).

In order to prevail on a claim of ineffective assistance a movant is first required to show that his counsel's performance was deficient; that the performance fell below the standard of reasonable effectiveness. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). In evaluating counsel's performance, we recognize the wide latitude which is to be accorded counsel in making tactical decisions. *Potter v. State*, 742 S.W.2d 231, 232 (Mo.App., E.D.1987). As

well, a strong presumption exists that counsel made all significant decisions in the exercise of his reasonable professional judgment. *Williams v. State,* 730 S.W.2d 284, 287 (Mo.App., E.D.1987). Strategic choices made after a thorough investigation of the law and the facts which are relevant to plausible options are virtually unchallengeable. *Id.* In addition to showing counsel's performance was deficient, a movant must persuade the court that the deficient performance prejudiced his defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. That is, he must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *Stokes,* 688 S.W.2d at 23. There is a strong presumption that counsel's conduct was proper. *Sanders v. State,* 738 S.W.2d at 858.

■ Hamilton maintains he received ineffective assistance because his counsel did not contact and call five potential defense witnesses. Hamilton testified at the evidentiary hearing that he requested counsel to call three of these persons as character witnesses and the remaining two persons as essentially alibi witnesses, these two being Hamilton's mother and father who were in the house at the time the criminal behavior took place. Defense counsel denied at the evidentiary hearing having been informed of the potential character witnesses. The credibility of witnesses is a matter for the motion court's determination. *Leigh v. State,* 673 S.W.2d 788, 789 (Mo.App., E.D.1984). The motion court in the present case chose to believe defense counsel's statement that, had he called any character witnesses on behalf of movant, then the door would have been opened for cross-examination pertaining to movant's prior arrest for rape. Under these circumstances, any failure to call character witnesses was certainly within the parameters of valid trial strategy. And, as to movant's mother and father, whom defense counsel interviewed, it is clear from their testimony at the evidentiary hearing that any testimony by them at trial would not have unqualifiedly supported movant. The law is clear that if a potential witness' testimony would not unqualifiedly support a defendant, the

failure to call such a witness does not constitute ineffective assistance of counsel, again, it is a matter of trial strategy. *State v. Turner,* 623 S.W.2d 4, 12 (Mo. 1981); *Walker v. State,* 715 S.W.2d 261, 262 (Mo.App., E.D.1986).

■ Hamilton also claims he received ineffective assistance because his counsel did not depose the victim, the victim's mother (movant's former wife), and a social worker who interviewed the victim and made a report based on the interview. However, movant makes no showing that the failure to depose these witnesses prejudiced him. A movant must demonstrate there is a reasonable probability that, absent the alleged error, the jury would have had a reasonable doubt as to guilt. *Richardson v. State,* 719 S.W.2d 912, 914 (Mo. App., E.D.1986). Movant merely asserts, as to disposing the victim and the victim's mother, "*additional* material for purposes of impeachment could have been obtained." (emphasis added). Movant thus concedes that counsel was able to elicit testimony from the witnesses so as to support the defense's theory. As to counsel's failure to depose the social worker, movant merely asserts that, had the social worker been deposed, the report's existence would have become apparent and "potentially favorable evidence" would have been obtained. Movant does not dispute that defense counsel reviewed the report before the social worker testified and questioned him as to the report's contents. Thus, movant has failed to show how the failure to depose these witnesses prejudiced the defense.

■ Lastly, Hamilton argues he received ineffective assistance because his counsel referred to movant's first trial; did not object to the State's opening statement; and did not object to certain testimony offered by the victim's mother. As to the comment regarding movant's trial, which ended in a mistrial when the jury could not reach a verdict, counsel during cross-examination of the victim asked, "[D]id you testify about that before at another trial [?]" and "[D]id you ever say at the other trial that your father had threatened to beat you [?]." Movant alleges these references prejudiced him in that the jury, out of concern for "wasting taxpayers' money,"

would convict him as there had already been one trial as to this matter. However, as the motion court rejected this claim of prejudice and as counsel in no way referred to the outcome of the prior trial, or even that it involved a criminal charge, we cannot find the motion court's determination to be clearly erroneous. As to the State's comment during opening statement to which movant refers, defense counsel testified at the evidentiary hearing that he did make an objection.[1] And, as to the testimony of the victim's mother to which movant draws our attention, the motion court found that, even had an objection been made, the testimony should have been admitted. Counsel is not ineffective because he does not make a meritless objection. *Clark v. State,* 753 S.W.2d 67, 69 (Mo.App., E.D.1988).

The judgment of the motion court is affirmed.

GRIMM, P.J., and KAROHL, J., concur.

1. Movant has failed to supply this court with a transcript of the trial.