STATE of Missouri, Plaintiff–
Respondent,

v.

Daniel PROWELL, Defendant–
Appellant.

Daniel PROWELL, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 58977, 60581.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 28, 1992.

Melinda Kay Pendergraph, Columbia, Emily Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

A jury convicted defendant, Daniel Prowell, of distribution of a controlled substance near a school, § 195.214 RSMo Cum. Supp.1989, possession of a controlled substance, § 195.202 RSMo Cum.Supp.1989, and unlawful use of a weapon, § 571.030.1 RSMo 1986. The trial court sentenced defendant as a persistent and prior offender to fifteen years for the distribution conviction, five years for the possession conviction to be served concurrently with the distribution sentence and five years for the weapons conviction to be served consecutively with the first two sentences. Defendant filed a Rule 29.15 motion for post conviction relief which the motion court denied after an evidentiary hearing. Defendant appeals his convictions and the denial of his Rule 29.15 motion. We affirm.

Defendant does not challenge the sufficiency of the evidence and we view the evidence in the light most favorable to the verdict. On November 17, 1989, Detective Gertrude Towns was assigned to the Street Corner Apprehension Team (SCAT) of the St. Louis Police Department. Towns approached a man working on a car in the 1400 block of Lasalle in St. Louis and asked him if he had any drugs. The man said no but then immediately walked over to a nearby apartment building and spoke to the defendant. The man returned to Towns and stated "okay go ahead he'll (referring to defendant) take care of you." Towns then approached the defendant and purchased twenty dollars worth of crack cocaine. Towns, using a hidden transmitter, then gave defendant's description and location to other SCAT officers.

Detective Robert Ehrhard, a SCAT officer, apprehended the defendant. Ehrhard searched the defendant and found nine pieces of crack cocaine, a loaded pistol under defendant's sweatshirt and the twenty dollar bill Towns used to buy the drugs. A third SCAT officer, Detective Robert Klier, measured the distance between the apartment and Holy Guardian Angels (Grade) School and found the distance to be approximately 260 feet.

A City of St. Louis grand jury indicted defendant for the three offenses. After a three day trial, the jury returned guilty verdicts. Defendant filed a Rule 29.15 motion for post conviction relief and, after an evidentiary hearing, the motion court denied the motion. This consolidated appeal followed.

On direct appeal, defendant argues the trial court erred: (1) in overruling defendant's challenges to § 195.214 RSMo Cum. Supp.1989 because the statute is unconstitutional; and (2) in denying defendant's motion to quash the jury panel pursuant to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ Defendant argues § 195.214 is void on its face and as applied because the statute is unconstitutionally vague and ambiguous. We must first consider whether this court has jurisdiction to decide the constitutional challenge. If a case involves the constitutional validity of a state statute, the court of appeals does not have jurisdiction of the appeal. Mo. Const. art. V, § 3. "The mere assertion of a constitutional issue, however, does not deprive the court of appeals of jurisdiction unless the constitutional issue is real and substantial, and not merely colorable." *State v. Clark*, 756 S.W.2d 565, 569 (Mo.App.1988) (citing *State v. Charity*, 637 S.W.2d 319, 321 (Mo.App. 1982)). Because we find defendant's constitutional claim merely colorable and not substantial this court has jurisdiction.

Section 195.214 RSMo Cum.Supp.1989 provides:

1. A person commits the offense of distribution of a controlled substance near schools if he violates section 195.-211 by unlawfully distributing or delivering any controlled substance to a person in or on or within one thousand feet of the real property comprising a public or private elementary or secondary school, public vocational school, or a public or private junior college, college or university.

2. Distribution of a controlled substance near schools is a class A felony.

■ Defendant argues the words "school" and "within one thousand feet"

fail to provide a person of ordinary intelligence with adequate notice of the proscribed conduct. A valid statute must provide a person of ordinary intelligence a reasonable opportunity to learn what is prohibited. *State v. Mahurin,* 799 S.W.2d 840, 842 (Mo. banc 1990). In his brief, defendant asks a series of rhetorical questions such as "What constitutes a school?" and "Does the statute apply to pre-schools or technical schools?" Defendant also challenges the statute because it does not specify how to measure whether the incident occurred "within one thousand feet of a school."

When determining whether terms are unconstitutionally vague, "neither absolute certainty nor impossible standards of specificity are required...." *State v. Duggar,* 806 S.W.2d 407, 408 (Mo. banc 1991) (citation omitted). The statute provides that a school is "a public or private elementary or secondary school, public vocational school, or a public or private junior college, college or university." The statute prohibits distribution of a controlled substance "to a person ... within one thousand feet of the real property comprising a ... school...." "If the terms or words used in the statute are of common usage and are understandable by persons of ordinary intelligence, they satisfy the constitutional requirements as to definiteness and certainty." *Mahurin,* 799 S.W.2d at 842 (quoting *State v. Brown,* 660 S.W.2d 694, 697 (Mo. banc 1983)). The words "school" and "within one thousand feet" have a plain and ordinary meaning and are understandable by persons of ordinary intelligence.

Defendant also contends the statute is overbroad. Overbroadness is a concept appropriate in first amendment cases. *Mahurin,* 799 S.W.2d at 842; *State v. Madsen,* 772 S.W.2d 656, 659 (Mo. banc 1989). Defendant does not contend nor do we find any first amendment issue implicated in defendant's argument. Defendant's first point is denied.

In his second point, defendant argues the trial court erred in denying his motion to quash the jury panel pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The parties stipulated that the defendant is a member of the black race. The qualified venire panel consisted of thirteen blacks and eleven whites. Clay Grumke, the prosecutor, used four of the state's six peremptory strikes to remove blacks from the jury panel. The petit jury consisted of eight blacks and four whites. Defendant subsequently made his motion to quash the jury pursuant to *Batson.* The trial court then asked Grumke to give reasons for the peremptory strikes of the four black venirepersons.

Mr. Grumke: Judge, I struc[k] Juror 329, Mr. Shackelford, he was a young man who stated that he had grown up in the area where the sale took place and had problems with the police officers harassing him in the area as he was growing up. That's the reason that I struck him.

Juror 414, Gary Glasby is the person who told us that he has a close friend who he made bail for on a pending criminal charge out in St. Louis County, so his involvement with a pending case in the Criminal Justice System caused to me strike him.

Juror No. 18, Michael Roberts, he's the one that had a nephew who committed an armed robbery in the City of St. Louis, and was sentenced to prison on that case. Because of his involvement in the Criminal Justice System, I struck him.

Vivian Harris, Juror No. 570, she's the juror who told us her brother had had problems with the police; that they had been very rowdy with him, that it was uncalled for. She also made the statement you can never get a police officer when you need one. Based on those reasons, I struck these people.

The trial court then found the prosecutor's reasons race neutral and denied defendant's motion. After Grumke stated his reasons, defendant never argued the reasons were pretextual.

To establish a prima facie case of discriminatory use of peremptory challenges, a defendant must demonstrate: (1) defendant is a member of a cognizable racial group; (2) that the prosecutor used

peremptory challenges to remove prospective jurors of defendant's race; and (3) that "these facts and other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." *Batson*, 476 U.S. at 96, 106 S.Ct. at 1723; *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987).

■■■■ By establishing a prima facie case, the defendant creates a rebuttable presumption that the prosecutor has exercised his challenges in a discriminatory manner. *Antwine*, 743 S.W.2d at 64. The burden of production then shifts to the state to come forward with racially neutral reasons for its strikes. *Batson*, 476 U.S. at 97, 106 S.Ct. at 1723; *Antwine*, 743 S.W.2d at 64. These reasons "must give a 'clear and reasonably specific' explanation of the state's 'legitimate reason' for exercising the challenges." *Batson*, 476 U.S. at 98, 106 S.Ct. at 1724 (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 258, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981)). If the state presents race neutral reasons, the presumption raised by the prima facie case is rebutted. *Burdine*, 450 U.S. at 255, 101 S.Ct. at 1094–95. Defendant then has "the obligation to demonstrate that the State's explanations are merely pretextual and, thus, not the true reason for the use of the State's peremptory challenges." *Antwine*, 743 S.W.2d at 64 (emphasis added).

Defendant contends the state's reasons for striking juror Shackelford were pretextual. Defendant also contends this court cannot properly review the state's strikes because the record does not reflect the race of the individual petit jurors and, therefore, this court cannot determine if the state failed to strike similarly situated white jurors.[1]

■■■■ After the trial court found the state's reasons race neutral, defendant never argued the reasons were pretextual. Once the trial court accepts the state's explanation, the defendant then has the duty to show the state's explanation was pretextual. *State v. Hall*, 785 S.W.2d 652, 656 (Mo.App.1990). If defendant believed the state's reasons were pretextual or that the state failed to strike similarly situated white jurors, defendant should make these arguments at trial and not for the first time on appeal. Those best qualified to determine the validity of the state's reasons are in the trial court. *State v. Jackson*, 809 S.W.2d 77, 81 (Mo.App.1991). If the trial court and defendant were satisfied with the state's reasons, "this court is hardly in the position to disagree." Id.

■■■■ In *Batson* cases, trial court findings are clearly erroneous only when the reviewing court is left with a definite and firm impression that a mistake has been made. *Antwine*, 743 S.W.2d at 66. Even were we to review the trial court's findings, we would be unable to say the findings were clearly erroneous. Defendant's second point is denied.

On appeal, defendant argues the motion court erred: (1) in denying his Rule 29.15 motion because his trial counsel was ineffective in failing to interview and depose state's witnesses; and (2) in failing to issue findings of fact on all issues raised in his motion.

■■■■ Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings are clearly erroneous. Rule 29.-15(j). A motion court's findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Day v. State*, 770 S.W.2d 692, 695–696 (Mo. banc), cert. denied, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

■■■■ To establish ineffective assistance of counsel, defendant must show (1) that counsel's performance was deficient, and (2) that his defense was thereby prejudiced. *State v. Schall*, 806 S.W.2d 659, 667 (Mo.

---

1. Whether the state removed similarly situated white jurors is one of many factors which may be used to indicate a lack of discriminatory intent in the state's peremptory strikes. *State v. Robinson*, 811 S.W.2d 460, 463 (Mo.App.1991).

banc 1991) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Defendant has the burden of proving both prongs of the *Strickland* test. *State v. Cooper*, 811 S.W.2d 786, 791 (Mo.App.1991). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

■■■ Defendant contends that counsel's failure to depose the state's witnesses left counsel unprepared for cross-examination, which resulted in a failure to subject "the prosecutor's case to meaningful adversarial testing." During the evidentiary hearing, defendant's trial counsel testified she did not depose the state's witnesses because, based on her experience, deposing police officers prepares them for cross-examination. Counsel further testified that she felt it was better to impeach and cross-examine police officers from the police reports. The decision whether to interview or depose a witness is generally a matter of trial strategy. *Fynn v. State*, 763 S.W.2d 210, 212 (Mo.App.1988). "Traditionally, the manner in which trial strategy is implemented does not provide an adequate basis for an ineffective assistance of counsel claim." *Id.* at 211.

■■■ A defendant "must demonstrate there is a reasonable probability that, absent the alleged error, the jury would have had a reasonable doubt as to guilt." *Hamilton v. State*, 770 S.W.2d 346, 348 (Mo. App.1989). We agree with the motion court that defendant presented no evidence that counsel's failure to depose witnesses would have created reasonable doubt.

Defendant claims, in effect, that he does not have to satisfy the prejudice prong of the *Strickland* test. Relying on *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)[2], defendant contends that his denial of effective cross-examination is constitutional error that cannot be cured by showing a lack of prejudice. In *Davis*, the trial court did not permit defendant to cross-examine a prosecution witness about his juvenile record or probationary status. Defendant was denied the opportunity to show that certain answers of the witness were less than truthful. By denying defendant the use of this information, defendant could not attack the witness' credibility or show bias or prejudice. *Id.* at 318, 94 S.Ct. at 1111. The Court held the defendant was "denied the right of effective cross-examination," which "'would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.'" Id. at 318, 94 S.Ct. at 1111 (citation omitted). Defendant's reliance on *Davis* is misposited.

In the present case, the defendant fails to show how he was denied effective cross-examination. Contrary to *Davis*, there is no evidence in this case indicating a prosecution witness gave less than truthful testimony. There is also no evidence of potential prejudice or bias, as was found in *Davis*. Defendant's counsel merely uses police reports, rather than depositions, to impeach police officers. Defendant fails to demonstrate a lack of effective cross-examination and certainly not of the magnitude found in *Davis*.

"Apart from circumstances of that magnitude (referring to *Davis*), there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." *Cronic*, 466 U.S. at 660 n. 26, 104 S.Ct. at 2047 n. 26 (citing *Strickland*, 466 U.S. at 693–696, 104 S.Ct. at 2067–69) (further citation omitted). We restate our agreement with the motion court that the defendant presented no evidence that counsel's failure to depose witnesses would have created reasonable doubt. Defendant's third point is denied.

Defendant argues that the motion court erred in failing to issue findings of fact and conclusions of law on all issues presented in his motion. Rule 29.15(i) requires that the motion court issue findings of fact and conclusions of law on all issues presented.

---

**2.** Defendant cites to *United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984), in which the Court quotes from *Davis*.

In paragraph 4 of his amended motion, defendant alleges his trial counsel was ineffective for failing to file a motion to withdraw and for failing to request a continuance. In its findings of fact and conclusions of law, the motion court addressed the claim that defendant's counsel should have withdrawn, but failed to address the continuance issue.

We do not have to remand for findings and conclusions if the record allows this court to determine correctness of the motion court's denial of relief. *Robinson v. State,* 785 S.W.2d 323, 324 (Mo.App. 1990). Defendant contends that counsel should have requested a continuance because she was assigned to the case only six weeks before trial. According to defendant, this was insufficient time because counsel met with defendant only once before trial and failed to depose any police officers. We denied defendant's claim concerning depositions and need only address the issue of counsel's sole meeting with defendant before trial. The fact counsel only met once with defendant before trial does not by itself demonstrate inadequacy of counsel. *Atkins v. State,* 741 S.W.2d 729, 731 (Mo.App.1987). Defendant fails to show any prejudice from the lack of additional meetings. Defendant's final point is denied.

Judgement affirmed.

STEPHAN and CRIST, JJ., concur.