STATE of Missouri, Respondent,

v.

Tracy WHEELER, Appellant.

Tracy WHEELER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60079, 61536.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 19, 1993.

Emily N. Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Tracy Wheeler, appeals from the judgment of his conviction, after a jury trial, for the sale of cocaine near a school in violation of § 195.214, RSMo (Cum.Supp. 1991). He was sentenced, as a prior and persistent offender, to imprisonment for twelve years. He also appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdict, the evidence established that on November 28, 1989, an undercover police officer who was a member of the Street Corner Apprehension Team (SCAT) made contact with defendant on a street in the City of St. Louis. The undercover officer said he was looking for crack cocaine. He walked with defendant to a nearby apartment building. He gave defendant a twenty dollar bill; and defendant went inside the building with the money, while the undercover officer remained outside. Defendant returned and gave the undercover officer a small, off-white colored rock. The undercover officer then left the scene. Analysis of the substance later revealed that it was crack cocaine.

Based upon a description relayed by the undercover officer to SCAT officers in a surveillance vehicle, another team of SCAT officers arrested defendant. Shortly thereafter, members of the arrest team determined that the sale of cocaine had occurred approximately 375 feet from property on

which a public elementary school was located.

Defendant was charged by indictment under § 195.214, which provides as follows:

1. A person commits the offense of distribution of a controlled substance near schools if he violates Section 195.211 by unlawfully distributing or delivering any controlled substance to a person in or on, or within one thousand feet of, the real property comprising a public or private elementary or secondary school, public vocational school, or a public or private junior college, college or university.

2. Distribution of a controlled substance near schools is a class A felony.

Defendant was convicted, after a jury trial, and was sentenced to twelve years' imprisonment. The court subsequently denied his Rule 29.15 motion without an evidentiary hearing.

■ Defendant first challenges the out-of-court and in-court identifications of him by two police officers. In the instant action, the record reveals that, shortly after defendant was arrested and transported to the police station, the undercover officer identified defendant through a two-way mirror. At trial, the undercover officer again identified defendant, as did a police officer who observed defendant from the surveillance vehicle at the time of the occurrence. We have reviewed the record and find that there were sufficient facts to demonstrate that the identifications by the police officers were reliable. No jurisprudential purpose would be served by a written opinion on this point. Defendant's first point is therefore denied in accordance with Rule 30.25(b).

■ In his second point, defendant asserts that § 195.214 is unconstitutional on its face and as applied. We first consider whether this court has jurisdiction to decide the constitutional challenge. If a case involves the constitutional validity of a state statute, the court of appeals does not have jurisdiction of the appeal. Mo.Const. art. V, § 3. The mere assertion of a constitutional issue, however, does not deprive the court of appeals of jurisdiction unless the constitutional issue is real and substantial, and not merely colorable. *State v. Prowell,* 834 S.W.2d 852, 854 (Mo.App. 1992). Because we find defendant's constitutional claim merely colorable and not substantial, this court has jurisdiction.

■ Defendant first contends that the statute is unconstitutionally ambiguous, because the words "school" and "within one thousand feet" fail to provide a person of ordinary intelligence with adequate notice of the proscribed conduct. In *Prowell,* 834 S.W.2d at 855, this court decided the same issue and held that "school" and "within one thousand feet" have a plain and ordinary meaning and are understandable by persons of ordinary intelligence. Defendant's next argument that the statute is overbroad was also rejected by *Prowell. Id.*

Defendant raises his final challenge to the constitutionality of § 195.214 in the argument portion of his brief, rather than in his point relied on. He claims that the statute does not set forth whether the accused must have knowledge that he is within one thousand feet of school property. He contends that, as such, the statute applies strict liability to a violation of a criminal statute without requiring proof of intent.

■ Section 195.214 is not a strict liability statute. It does not criminalize an otherwise innocent activity. It incorporates § 195.211, RSMo (Cum.Supp.1991), which defines the offense of distribution of a controlled substance. A defendant must have violated § 195.211 before consideration can be given to § 195.214. Although neither statute prescribes a culpable mental state, a crime is committed under § 195.211 if the defendant either knew that the substance he distributed, delivered or sold was a controlled substance or acted recklessly with regard thereto. *See* § 562.-021.2, RSMo (1986); *see also* MAI–CR3d 325.10, Notes on Use 4. Therefore, anyone who violates § 195.211 knows that distribution of a controlled substance is illegal, although the violator may not know that the distribution occurred within one thousand feet of a school. In the instant action,

the verdict directing instruction submitted the mental state of knowingly as to the sale of cocaine, but did not require that the jury find that defendant have knowledge that he was within one thousand feet of a school.

■ The lack of a knowledge requirement is further supported by federal and state court decisions which resolved similar issues. The federal cases dealt with 21 U.S.C.A. § 845a, the statute which provided for penalty enhancement for drug dealing that occurred within one thousand feet of a school. In the face of a variety of constitutional challenges, federal courts have repeatedly interpreted the federal statute as not requiring that a defendant have specific knowledge of the proximity of a school. *See e.g., United States v. Haynes,* 881 F.2d 586, 590 (8th Cir.1989); *United States v. Holland,* 810 F.2d 1215, 1223 (D.C.Cir.), *cert. denied,* 481 U.S. 1057, 107 S.Ct. 2199, 95 L.Ed.2d 854 (1987); *United States v. Falu,* 776 F.2d 46, 50 (2d Cir.1985). Similarly, state courts which have examined state counterparts to § 195.214 have also upheld the lack of a knowledge requirement. *State v. Burch,* 545 So.2d 279, 281 (Fla.Dist.Ct.App.1989); *State v. Moore,* 782 P.2d 497, 504–5 (Utah 1989); *State v. Morales,* 224 N.J.Super. 72, 539 A.2d 769, 775–776 (1987). We therefore reject the contention that § 195.214 is unconstitutional because it does not require that defendant have actual knowledge of the proximity of a school. Although some buildings are not recognizable as schools from all points within a one thousand foot radius, the drug dealer bears the burden of ascertaining whether a school is located within the area of his operations. *Falu,* 776 F.2d at 50. Defendant's second point is denied.

In his third point, defendant alleges that the trial court erred in failing to quash the indictment, or in the alternative, in failing to grant a stay of further proceedings. He argues that the trial court failed to comply with §§ 494.400–494.505, RSMo (Cum.Supp. 1991), statutes involving the selection of grand and petit jurors. Defendant also contends that jury selection procedures violated equal protection principles and denied him a jury which reflected a fair cross-section of the citizens of the City of St. Louis.

Defendant's argument is premised on a statistical study compiled in October 1990 by Kenneth Warren, Ph.D. The study focused on the jury selection practices in the City of St. Louis as they occurred for petit juries from January 3, 1989, to August 8, 1990; and for grand juries from February 11, 1985, to May 14, 1990.

The Honorable Ronald M. Belt held a hearing on October 10 and 13, 1990, on a motion to stay all jury trials in the City of St. Louis because of problems with the petit and grand jury selection procedures. On October 16, 1990, Judge Belt sustained the motion in an order to stay all jury trials in the circuit. Although he found that the grand jury panels were randomly chosen, he found that the procedures used in granting juror continuances resulted in a non-random selection of some petit juror panels. This impropriety was immediately corrected by the Board of Jury Commissioners and Judge Belt lifted the stay of jury trials.

■ We first consider defendant's challenge to the composition of the grand jury. A review of the data reveals that the above-mentioned statistical analysis is irrelevant to the present action. The data involved practices prevalent in the grand jury selection process from 1985 to August 1989, practices which occurred prior to changes wrought by the statutory provisions of §§ 494.400–494.505. These statutes were in effect when the grand jury returned defendant's indictment. Because the statistical analysis did not cover the period of time relevant to the prosecution of defendant, the data cannot be used to support his constitutional challenge to the grand jury selection procedures. In addition, Judge Belt found that the grand jury selection practices, which involved the use of a computerized system, resulted in random selection at the time defendant was indicted. Defendant has presented no evidence to dispute Judge Belt's finding.

■ With regard to defendant's challenge to the composition of the petit jury, Judge Belt ordered a stay of all jury trials in the City of St. Louis. Before defendant's trial, the administrative order issued

by the Board of Jury Commissioners corrected the perceived deficiencies in the petit jury selection procedures. Defendant presented no evidence that the new procedures were inadequate. Thus, the administrative order addressed any deficiencies prior to the time of defendant's trial. *See State v. McDowell*, 832 S.W.2d 333, 335 (Mo.App. 1992). Defendant's third point is denied.

In his fourth point, defendant contends that trial counsel was ineffective for failing to timely endorse and produce a certain witness who would have provided defendant with a possible alibi. In order to prevail on this claim, defendant must establish that his proposed witness not only would have testified if called but also would have provided a viable defense. *Haynes v. State*, 825 S.W.2d 633, 636 (Mo. App.1992). The record indicates that the trial court overruled the State's objection to the late endorsement of the witness in question and granted a recess to permit defense counsel to contact her. When counsel spoke with the witness, she "simply refused to voluntarily appear." The facts stated in defendant's Rule 29.15 motion do not establish that the witness would have testified and would have provided him with a viable defense. The trial court was not clearly erroneous in denying defendant's Rule 29.15 motion without an evidentiary hearing. Defendant's fourth point is denied.

In his fifth point, defendant asserts that the trial court erred in giving the instruction patterned after MAI–CR3d 302.04 because its definition of "reasonable doubt" impermissibly reduces the State's burden of proof. This identical argument was rejected in *State v. Griffin*, 818 S.W.2d 278, 282 (Mo. banc 1991). Defendant's final point is denied.

The judgment of the trial court on direct appeal is affirmed. The denial of defendant's Rule 29.15 motion is likewise affirmed.

PUDLOWSKI and GRIMM, JJ., concur.